IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD GENE ENGLISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:15-CV-173-WKW |
| | ) | |
| DONALD J. VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Donald Gene English ("English"), a former county inmate, challenges actions taken against him during a prior term of confinement in the Houston County Jail.  Specifically, English alleges that while in disciplinary segregation from September 11, 2014, until September 29, 2014, the defendants deprived him of his First Amendment right to the free exercise of his religion by denying him possession of religious materials for twenty-three hours each day while locked-down in his disciplinary segregation cell. *Compl. - Doc. No. 1* at 3.  English also complains that the deprivation of religious materials violated his right to equal protection because inmates "not . . . housed in disciplinary segregation [are] allowed to maintain constant possession of their Bibles." *Id*. at 8.  English seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights. *Id*. at 4.

The defendants filed a special report and supporting evidentiary materials addressing

English's claims for relief. In these documents, the defendants argue that this case is due to be dismissed because prior to filing this cause of action English failed to properly exhaust an administrative remedy available to him at the Houston County Jail. *Defendants' Special Report - Doc. No. 33* at 4. The defendants base their exhaustion defense on the plaintiff's failure to file a grievance with respect to the claims presented in the instant complaint. In addition, the defendants maintain that the actions about which the plaintiff complains did not violate his constitutional rights. *Id*. at 6.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies."). Therefore, the court will treat the defendants' report as a motion to dismiss.

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded

from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373-74). If

3

> the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376).

*Myles*, 476 F. App'x at 366. Consequently, a district court

> may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376.

*Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 3.

Upon review of the complaint, the defendants' special report and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

English challenges conditions to which he was subjected at the Houston County Jail during September of 2014. In response to the complaint, the defendants assert that this case is subject to dismissal because English failed to exhaust the administrative remedy provided at the Houston County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative

remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added).

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

548 U.S. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of

5

administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84; *Bryant*, 530 F.3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendants' Exhibit E Doc. No. 33-2* at 16 ("It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response. [Grievance forms] will be made available to all inmates on request [and are] limited to one per day per inmate.  Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.  The grievance

response to the inmate will be in writing."). On April 4, 2008, an amendment to the grievance procedure was adopted and reads as follows:

> Inmates may file only one grievance per calendar day.
>
> The event the inmate is filing a grievance about must have occurred within three calendar days of the date of the grievance. The inmate grievance must state the date the event occurred which is the basis for the grievance or the grievance will not be considered.
>
> The Houston County Jail will have 30 days from the date of the grievance to investigate and reply to the inmate during which time the inmate shall not file another grievance about the same issue.
>
> The inmate may appeal the response of the grievance to the Jail Commander within two calendar days of receipt of the grievance by completing a grievance appeal form. The Jail Commander will have 30 calendar days to answer the appeal.
>
> An inmate cannot file a first grievance directly to the Jail Commander.
>
> An inmate may file an emergency grievance at any time. An emergency grievance is defined as any issue which is an immediate threat to the life, health, or safety of the inmate. The inmate shall write EMERGENCY at the top of the grievance form. An emergency grievance does not count as the one allowed daily grievance.
>
> An inmate grievance must be written legibly. Illegible grievances will be returned to the inmate and the time will be counted against the time limit to file a grievance.
>
> An inmate grievance cannot contain curse words, slurs, or any disparaging comments about another person. Any grievance containing such language will be returned to the inmate and the time will be counted against the time limit to file a grievance.
>
> An inmate grievance shall only address one issue. Grievances addressing multiple issues will be returned to the inmate and the time will count against

the time limit to file a grievance.

*Defendants' Exhibit F - Doc. No. 33-2* at 17.

Upon review of the arguments set forth by the defendants, the court entered an order which provided English an opportunity to file a response to the exhaustion defense in which he was advised to address "the defendants' assertion[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ('PLRA')" prior to filing this federal civil action. *Order of June 16, 2015 - Doc. No. 34* at 1 (footnote omitted). The time allowed English to file his response to this order expired on July 24, 2015. *Order of June 25, 2015 - Doc. No. 38*. As of the present date, English has filed no response to this order.

The evidentiary materials filed by the defendants demonstrate that English failed to file the requisite grievance prior to initiation of this federal civil action, a precondition to proceeding in this court on his claims. Specifically, English did not submit a grievance in accordance with the jail's grievance procedure addressing the claims now presented for relief nor has he asserted any basis to justify his failure to exhaust this administrative remedy. It is likewise clear that: (i) English failed to follow the time constraints set forth in the grievance procedure; (ii) The time allowed for filing a grievance expired prior to the filing of this case; and (iii) The administrative remedy provided by the defendants is no longer available to English. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (noting that a failure to exhaust may "correctly result in a

dismissal with prejudice" where administrative remedies are "absolutely time barred or clearly infeasible."); *Johnson*, 418 F.3d at 1157 ("[T]he PLRA's exhaustion requirement does contain a procedural default component: Prisoners must timely meet the deadlines or the good cause standard of [the State's] administrative grievance procedures before filing a federal claim. Therefore, [Plaintiff's] grievance, which he filed out-of-time and without good cause, is not sufficient to exhaust his administrative remedies for purposes of the PLRA exhaustion requirement."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him during his confinement at the Houston County Jail prior to initiating this cause of action.

2. This case be dismissed with prejudice in accordance with the provisions of 42

U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Houston County Jail.

    3.  No costs be taxed herein.

    It is further

    ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 7, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of July, 2015.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE